UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: THOMAS J. BUDD MUCCI, No. 7-09-11609 JA

    Debtor.

JACK KRIETZBERG and
SHARON KRIETZBERG,

    Plaintiffs,

v.     Adversary No. 09-1098 J

THOMAS J. BUDD MUCCI,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on cross-motions for summary judgment. *See* Plaintiffs' Motion for Summary Judgment on Defendant Mucci's 2nd Amended Motion to Set Aside Settlement ("Plaintiffs' Motion for Summary Judgment")(Docket No. 87) and Defendant's Motion for Partial Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment ("Defendant's Motion for Partial Summary Judgment")(Docket No. 88).[1] Plaintiffs are represented in this adversary proceeding by Roger Eaton. Defendant is *pro se*. Following a hearing held September 26, 2012, the Court granted Defendant Thomas J. Budd Mucci leave to file a second amended motion for relief from the settlement agreement between the parties and/or a motion for relief from a prior order of this Court. *See* Order Resulting from Final Hearing. (Docket No. 85). Defendant filed a [Second] Amended Motion for Relief from Stipulated Judgment and Order of Non Dischargeability and to Set Aside Settlement Agreement and for Damages Pursuant to Rules 60(d)(1) & (d)(3) and 60(b)(6) (the "Second Amended Motion").

---

[1] Plaintiffs also filed a reply. *See* Plaintiffs' Response to Defendant's Motion for Summary Judgment and Reply on Plaintiffs' Motion for Summary Judgment (Docket No. 90).

*See* Docket No. 86. The Second Amended Motion superseded all previous motions.[2] After considering the cross-motions for summary judgment and being otherwise sufficiently informed, the Court will grant, in part, and deny, in part, Plaintiffs' Motion for Summary Judgment and Deny Defendant's Motion for Partial Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment, governed by Rule 56, Fed.R.Civ.P., will be granted when the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Rule 7056, Fed.R.Bankr.P. "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Cross motions for summary judgment raise an inference that summary judgment may be appropriate. *In re Baines,* 337 B.R. 392, 396 (Bankr.D.N.M. 2006). Nevertheless, before a Court may grant summary judgment, the Court must satisfy itself that the requesting party has independently satisfied the requirements of Rule 56(c). *See Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 998 (10th Cir. BAP); *see also, Renfro v. City of Emporia,* 948 F.2d 1529, 1534 (10th Cir. 1991)(stating that a cross motion for summary judgment does not relieve the court of its obligation to determine if a genuine issue of material fact exists).

---

[2]*See* Order Resulting from Hearing (Docket No. 85).

FACTS NOT SUBJECT TO GENUINE MATERIAL DISPUTE

The following facts necessary to resolve the pending motions are not subject to genuine material dispute:[3]

1. Defendant is an attorney.[4] He commenced a Chapter 7 case in this District on April 17, 2009 (the "Chapter 7 Case").

2. Plaintiffs filed this adversary proceeding against Defendant in June of 2009, seeking a determination that certain debt arising from an alleged contingency fee agreement and the Defendant's alleged failure to provide Plaintiffs with an accounting is non-dischargeable in the Chapter 7 Case under 11 U.S.C. § 523(a)(4).

3. Daymon Ely is an attorney.

4. Mr. Ely served as co-counsel with Defendant on behalf of Plaintiffs in connection with certain litigation filed in state court by the Plaintiffs against a third party (the "State Court Litigation").

5. The State Court Litigation settled in July of 2007. Under the settlement, the third party agreed to pay Plaintiffs the sum of $220,000.

6. Defendant paid Mr. Ely $12,500 for his legal services on behalf of Plaintiffs in the State Court Litigation.

7. Mr. Ely returned $889.76 to Plaintiffs on February 28, 2008.

---

[3]The Court has taken judicial notice of the documents filed of record in this adversary proceeding. *See* Fed.R.Evid. 201(b)(2) and (c)(providing that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[k]" and providing further that the court "may take judicial notice on its own."); *In re Kester,* 339 B.R. 764, 771 (Bankr.D.Kan. 2005)(acknowledging that the bankruptcy court "is permitted [under Fed.R.Evid. 201] to take judicial notice of its own files and records as well as facts which are a matter of public record.").

[4]Though not specifically identified by either Defendant or Plaintiffs in their statements of undisputed material facts, the parties' statements of undisputed material facts presuppose that Defendant is an attorney. In addition, the deposition testimony of Mr. Mucci attached as an exhibit to Plaintiffs' Motion for Summary Judgment includes a statement by Mr. Mucci acknowledging that he is an attorney licensed to practice law in New Mexico.

8. The complaint filed in this adversary proceeding alleges that the State Court Litigation settled for $225,000.

9. Had the settlement of the State Court Litigation been for $225,000, Mr. Ely's contingency fee for representing Plaintiffs in the State Court Litigation would have been $12,500.

10. Plaintiffs have admitted that there was no written contingency fee agreement between them and the Defendant.

11. Defendant has denied that any contingency fee agreement was ever reached between himself and the Plaintiffs.

12. On November 9, 2009, attorney Roger Eaton filed in this adversary proceeding a document entitled Expert Witness Report, to which there is attached a letter prepared by Daymon Ely (the "Ely Letter").[5] The Ely Letter states that Defendant and Daymon Ely had an oral contingency fee agreement with Plaintiffs, and that the payment Mr. Ely received from Defendant was based on the contingency fee agreement. *See* Docket No. 15.

13. On March 24, 2010, Defendant filed a Motion for Summary Judgment and Memorandum in Support Thereof ("Defendant's Motion for Summary Judgment") seeking summary judgment on Plaintiffs' non-dischargeability claim. *See* Docket No. 37.

14. On May 13, 2010 Plaintiffs filed affidavits in this adversary proceeding in response to Defendant's Motion for Summary Judgment stating that Mr. Ely was party to an oral contingency fee agreement between the Plaintiffs and Defendant.

---

[5]The Ely Letter is also attached as an exhibit to Plaintiffs' response to a motion for summary judgment that Defendant filed on March 24, 2010. *See* Docket No. 55. The purported Expert Witness Report to which the Ely Letter is attached contains a recitation of facts, not opinion testimony. The recitation of facts was not made under oath.

-4-

15. On July 2, 2010, the Court issued a Memorandum Opinion denying Defendant's Motion for Summary Judgment, finding genuine issues of material fact with respect to whether an hourly fee arrangement between the Plaintiffs and Defendant was converted to a contingent fee agreement when Mr. Ely was engaged as co-counsel with Defendant in the Plaintiffs' State Court Litigation. *See* Docket No. 58.

16. The parties entered into a Stipulated Judgment Declaring Debt Non-Dischargeable ("Stipulated Judgment"). *See* Docket No. 67. The Stipulated Judgment was entered in this adversary proceeding on February 17, 2011 pursuant to a Settlement Agreement between Plaintiffs and Defendant dated October 27, 2010 (the "Settlement Agreement").[6]

17. The Stipulated Judgment refers to the Settlement Agreement as a Mediation Agreement.

18. The Stipulated Judgment provides, among other things, that (a) Defendant is indebted to the Plaintiffs in the amount of $160,000.00; (b) such debt is declared non-dischargeable; (c) judgment is entered on the amount of the debt; (d) collection of the judgment shall be in accordance with the terms of the mediated settlement agreement; and (e) the judgment may be satisfied with a payment of $80,000.00 plus interest at the rate of six percent (6%) per annum, if paid on or before October 27, 2011.

19. Defendant was represented by counsel in this adversary proceeding at the time that the parties entered into the Settlement Agreement and the Stipulated Judgment.

20. The Settlement Agreement includes the following provision:

---

[6]A copy of the Settlement Agreement is attached to the Second Amended Motion. Neither Plaintiffs nor Defendant included a copy of the Settlement Agreement as an exhibit to their respective motions for summary judgment. However, because neither party contests that they entered into the Settlement Agreement or that the copy of the Settlement Agreement attached to the Second Amended Motion is true and correct, the Court will treat the Settlement Agreement as not subject to genuine material dispute.

-5-

>   Krietzburgs shall waive all attorney-client privilege and work product privilege with Mucci and Ely.

*See* Second Amended Motion, Exhibit 9.

DISCUSSION

The Second Amended Motion seeks an order 1) vacating the Stipulated Judgment entered in this adversary proceeding on February 17, 2011 pursuant to the Settlement Agreement between Plaintiffs and Defendant dated October 27, 2010; and 2) rendering the Settlement Agreement unenforceable. The Second Amended Motion also alleges a breach of two provisions in the Settlement Agreement: a waiver of the attorney client privilege in connection with Defendant's state law claims against Mr. Ely (the "*Mucci v. Ely* Action"), and breach of an alleged "implicit promise" to "assist in the introduction at trial of evidence critical to Defendant's state court claims in the *Mucci v. Ely* Action. Second Amended Motion, ¶¶, 41-46.

Defendant's Motion for Partial Summary Judgment seeks judgment only on the Defendant's claims to grant relief from the Stipulated Order and Settlement Agreement. Plaintiffs' Motion for Summary Judgment does not address Defendant's claim for breach of the Settlement Agreement. The Court, therefore, will make no decision in ruling on the pending cross-motions for summary judgment on Defendant's claim for breach of the Settlement Agreement.

    A.    <u>Defendant's Motion for Partial Summary Judgment</u>

The Stipulated Judgment was entered more than a year before the Defendant filed his motion on June 4, 2012 to reopen this adversary proceeding for the purpose of filing a motion to rescind the Settlement Agreement, and more than a year before Defendant filed his original motion for relief from the Stipulated Judgment and Settlement Agreement. As grounds for his request that the Court grant relief from the Stipulated Judgment and Settlement Agreement, and

-6-

to avoid the one-year time bar for seeking relief under clause (b)(3) of Fed.R. Civ.P. 60[7], Defendant relies on clauses (b)(6), (d)(1) and (d)(3) of Fed.R. Civ.P. 60 and the Court's general equitable powers to set aside a fraudulent judgment. The subdivisions of Rule 60 upon which Defendant relies provide:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
> (b)(6)  any other reason that justifies relief.
>
> (d)  This rule does not limit a court's power to:
> (1) entertain an independent action to relieve a party from a judgment, order or proceeding;
>
> (3) set aside a judgment for fraud on the court.

Fed.R.Civ.P. 60(b)(6), (d)(1), and (d)(3).

*Other Reasons Justifying Relief - Fed.R.Civ.P. 60(b)(6)*

Defendant's ground for relief under the various subsections of Rule 60 is premised on what Defendant describes as fraudulent, collusive conduct by Plaintiffs, Daymon Ely, and Roger Eaton, that occurred more than a year ago. The evidence upon which Defendant relies in support of his Motion for Partial Summary Judgment dates from 2007 through May of 2010, which is *before* the date of the Stipulated Judgment and the Settlement Agreement. To seek relief from the Stipulated Judgment on the ground of fraud contained in subsection (b)(3), Defendant was required to seek such relief from the Stipulated Judgment within the one year period provided under Rule 60(c)(1). Defendant cannot use Rule 60(b)(6) to circumvent the one-year limitation for filing motions for relief from a judgment based on fraud otherwise covered under

---

[7]Fed.R.Civ.P 60 is made applicable to bankruptcy cases and adversary proceedings by Fed.R.Bankr.P. 9024. Motions for relief from a judgment filed pursuant to Rule 60(b)(1), (2), or (3), for reasons including excusable neglect, newly discovered evidence, or fraud by an opposing party, must be brought within one year after the entry of the judgment. Fed.R.Civ.P. 60(c)(1). Under Fed.R.Bankr.P. 9006(b)(2), the Court "may not enlarge the time for taking action under … [Fed R. Bankr.P.] 9024," including Fed.R.Civ.P. 60 as made applicable to an adversary proceeding by Fed.R.Bankr.P. 9024. References in this Memorandum Opinion to Rule 60 refer to Fed.R.Civ.P. 60.

Fed.R.Civ.P. 60(b)(3). In *United States v. Buck,* 281 F.3d 1336 (10th Cir. 2002) the Tenth Circuit explained that "[b]ecause fraud is one of the reasons for relief appearing in clause (3), it is not available as 'any other reason' under clause (6). Appellants cannot so easily escape the time restrictions on Rule 60(b)(3) motions." *Buck,* 281 F.3d at 1341.

*Fraud on the Court – Fed.R.Civ.P. 60(d)(3)*

Defendant has also failed to meet the requirements for seeking relief from the Stipulated Judgment under Fed.R.Civ.P. 60(d)(3) based on the alleged fraud relating to the fee arrangement between the Plaintiffs and Mr. Ely. The grant of relief from an order or judgment under Rule 60(d)(3) based on fraud on the court ordinarily requires that: 1) the fraud "'is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury'" *Thomas v. Parker,* 609 F.3d 1114, 1120 (10th Cir. 2010)(quoting *Buck,* 281 F.3d at 1342)(alteration and quotation omitted); 2) the fraud involves "'the most egregious conduct, such as bribery of a judge . . . or the fabrication of evidence by a party in which an attorney is implicated'" *Zurich North America v. Matrix Service, Inc.* 426 F.3d 1281, 1291 (10th Cir. 2005)(quoting *Weese v.. Schukman,* 98 F.3d 542, 552-53 (10th Cir. 1996)(internal quotation omitted); and 3) the party perpetrating the fraud "acted with an intent to deceive or defraud the court" *Robinson v. Audi Aktiengesellschaft,* 56 F.3d 1259, 1267 (10th Cir. 1995).[8] Further, the fraud must have actually deceived the court.[9] The requirements for granting relief from an order or judgment based on fraud on the court are strictly applied because a finding of fraud on the

---

[8]*See also Bulloch v United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)(fraud on the court must be based on "fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.").

[9]*See, Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010)(fraud on the court requires conduct that deceives the court); *Herring v. United States*, 424 F.3d 384, 390 (3rd Cir. 2005)(to sustain an independent action alleging fraud on the court, the fraud must in fact have deceived the court). *See also, In re Old Carco LLC,* 423 B.R. 40, 52 (Bankr.S.D.N.Y. 2010), *aff'd,* 2010 WL 3566908 (S.D.N.Y. Sept. 14, 2010), *aff'd Mauro Motors Inc. v. Old Carco, LLC* 420 F.3d Appx. 89 (2d Cir 2011)("the fraud, misrepresentation or conduct must have actually deceived the court.")(citing *United States v. Smiley,* 553 F.3d 1137, 1145 (8th Cir. 2009).

-8-

Case 09-01098-j    Doc 91    Filed 01/22/13    Entered 01/22/13 10:12:04 Page 8 of 18

court is "exempt from the one year time-period for filing claims under Rule 60(b)(3)" and "it permits the severe consequence of allowing a party to overturn the finality of a judgment." *Matrix Service,* 426 F.3d at 1291. Therefore, if the Court did not rely on fraudulent conduct in entering the judgment from which the party seeks relief, the judgment should not be set aside. *Id.*

Defendant's claim of fraud on the Court in relating to the fee arrangement between the Plaintiffs and Mr. Ely is misplaced. The alleged fraud consists of statements in the Ely Letter and Plaintiffs' affidavits regarding the contingency fee arrangement in the State Court Litigation.[10] Defendant seeks relief from the Stipulated Judgment. The Court entered the Stipulated Judgment setting forth terms of the settlement between the Plaintiffs and Defendant and approving the settlement based on the stipulation of the parties, not based on any affidavits or testimony from the Plaintiffs or Mr. Ely. The Court did not look behind the parties' stipulation. As the Eight Circuit explained in *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873 (8th Cir. 2010) in upholding the denial of a request for relief from a consent judgment based on fraud on the Court:

> The court entered its consent judgment based on the written document provided by the parties after extensive negotiation, and the court was not required to look behind or interpret that written document to ensure that the meeting of minds reflected therein was not, in fact, against the wishes of [Plaintiff] and his attorney.
>
> *Tyson Foods,* 620 F.3d at 880.

Any fraud between the parties resulting in their stipulating to the Stipulated Judgment may have been grounds for relief from the Stipulated Judgment under Rule 60(b)(3) if a motion seeking such relief had been filed with one year of entry of the Stipulated Judgment, but it is not a ground for relief from the Stipulated Judgment under Rule 60(d)(3).

---

[10]The Court makes no determination as to whether the Ely Letter or the Plaintiffs' affidavits actually contain any fraudulent statements.

Defendant also asserts that a fraud on the Court resulted in the Court's issuance of its Memorandum Opinion and order denying summary judgment on the merits of Plaintiffs' claims against Defendant. Defendant alleges that the Ely Letter filed by Roger Eaton in this Adversary Proceeding on November 19, 2009 and again on March 4, 2010 , and the Plaintiffs' affidavits Mr. Eaton filed on May 13, 2010, committed a committed a fraud upon this Court because they contained information regarding a contingency fee agreement between Mr. Ely and Defendant that Mr. Ely, Mr. Eaton, and the Plaintiffs knew to be false. *See* Second Amended Motion p.2, ¶¶ 3 and 4.a. However, the Defendant is not seeking relief from the order denying summary judgment. Defendant does not explain how the Court's alleged reliance on Mr. Ely's representation that Plaintiffs paid him pursuant to a contingency fee agreement in issuing its Memorandum Opinion demonstrates that the Court also relied on that information in entering the parties' Stipulated Judgment. As previously explained, the Court entered the Stipulated Judgment based on the parties' consent to its entry without looking behind that consent. Any fraud on the court resulting in the Memorandum Opinion and order denying summary judgment is irrelevant to whether the Stipulated Judgment approving the Settlement Agreement between Plaintiffs and Defendant should be set aside.

In any event, the Court did not rely on the Ely Letter in connection with issuance of its Memorandum Opinion and order denying summary judgment.[11] The Court did rely upon affidavits of the Plaintiffs to determine that the nature of the fee arrangement between the Plaintiffs and Defendant was in genuine dispute. *See* Memorandum Opinion, p. 8 – Docket No. 58. But even if Plaintiffs' affidavits were false (and the Court is not finding that they were),

---

[11]*See* Memorandum Opinion, n. 13 (Docket No. 58)("The Court will not consider the statements contained in Mr. Ely's letter dated November 6, 2009 attached at Exhibit 1 to the Response because it has not been authenticated and is inadmissible hearsay.").

-10-

fraud on the court under Rule 60(d)(3) ordinarily does not include perjured testimony.[12] The First Circuit explained the reason behind this general rule in *George P. Reintjes Co., Inc. v. Riley Stoker Corp.,* 71 F.3d 44 (1st Cir. 1995):

> The possibility of perjury, even concerted, is a common hazard of the adversary process with which litigants are equipped to deal through discovery and cross-examination . . . . Were mere perjury sufficient to override the considerable value of finality after the statutory time period for motions [under Rule 60(b)(3)] on account of fraud has expired, it would upend the Rule's careful balance . . . . [of the] competing judicial values of finality and equity, with equitable considerations favored for up to one year from entry of judgment, and finality thereafter.
>
> *Riley Stoker,* 71 F.3d at 49 (citing *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America* 675 F.2d 1349 1354-55 (4th Cir. 1982)).

Additionally, the Court would have denied summary judgment regardless of whether that fact was in dispute. In its Memorandum Opinion, the Court held that Defendant was acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4) *regardless* of whether there existed an hourly fee or contingent fee agreement between the parties, and that the genuine issue of material fact related to the accounting of monies Plaintiffs advanced Defendant for costs. *See* Memorandum Opinion, p. 6 – Docket No. 58.

### *Independent Actions- Fed.R.Civ.P. 60(d)(1)*

Defendant's effort to obtain relief from the Stipulated Judgment based on an "independent action" theory is also unavailing. Parties seeking relief from a judgment through an independent action generally must satisfy the following three elements: "(1) show that they have no other available or adequate remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief." *Campaniello*

---

[12] Perjured testimony may constitute fraud on the court when an attorney, acting as an officer of the court, in implicated in the false testimony. Although Defendant alleges that Mr. Ely conspired with Plaintiffs in regard to Plaintiffs allegedly false testimony, Mr. Ely has not appeared before this Court in his capacity as an attorney. Defendant has proffered no evidence in support of his assertion that Mr. Eaton participated in any fraud.

-11-

*Imports, Ltd. v. Saporiti Italia, S,p.A.,* 117 F.3d 662, 665 (2nd Cir. 1997)(citing *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 71 (2nd Cir. 1990)(citing *Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087, 1090 (10th Cir. 1970)).

"Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly,* 524 U.S. 38, 46, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998)(quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244, 64 S.Ct. 997, 1000, 88 L.Ed. 1250 (1944)). *See also, Buck,* 281 F.3d at 1341 (relief from a judgment based on an independent action "'should be available only to prevent a grave miscarriage of justice.'")(quoting *Beggerly,* 524 U.S. at 47). "[A] 'grave miscarriage of justice' is a 'stringent' and 'demanding' standard." *Mitchell v. Rees,* 651 F.3d 593, 596 (6th Cir. 2011)(quoting *Gottlieb v. S.E.C.,* 310 Fed.Appx. 424, 425 (2nd Cir. 2009)(remaining citation omitted). Further, it must appear that the party seeking relief based upon an independent equitable action could not have, by exercising proper diligence, had an adequate remedy at law, or have proceeded in the original action to otherwise obtain relief from the judgment. *Stonecipher,* 429 F.2d at 1090 (citations omitted).

Here, Defendant's grounds for asserting an independent action fall well short of the mark. As discussed above, the grounds are predicated upon allegedly fraudulent representations contained in the Ely Letter and the Plaintiffs' affidavits. Such alleged fraud could have been discovered by Defendant well prior to expiration on February 16, 2012 the one year period provided under Rule 60(b)(3). Plaintiffs first filed the Ely Letter of record on November 9, 2009. Plaintiffs filed their affidavits on May 13, 2010. The period to take discovery in the adversary proceeding did not expire until August 2, 2010. *See* Scheduling Orders, Docket Nos. 8

-12-

and 53. Defendant had ample time to seek redress within the time constraints of Fed.R.Civ.P. 60(c). Consequently, Defendant has failed to meet the requirements for asserting an independent action in equity necessary for obtaining relief under Rule 60(d)(1).

*Setting Aside the Settlement Agreement*

In addition to seeking relief from the Stipulated Judgment, Defendant asks the Court to set aside the Settlement Agreement approved by the Stipulated Judgment. However, Defendant cannot be relieved from the Settlement Agreement without also being relieved from the Stipulated Judgment. Material terms of the Settlement Agreement are made part of the Stipulated Judgment itself, including the amount of debt Defendant owed Plaintiffs, the non-dischargeable character of the debt, and payment terms. The Stipulated Judgment also included a judgment on the agreed amount of the debt. If follows that because Defendant cannot be relieved from the Stipulated Judgment pursuant to Fed.R.Civ.P. 60, Defendant likewise cannot be relieved from the Settlement Agreement. *Cf. Hillman v. Webley,* __ Fed.Appx.___, 98 F.3d 1349 (10th Cir. 1996)(Table)(affirming district court's refusal to grant relief from a settlement agreement pursuant to Fed.R.Civ.P. 60(b)(4), (5) and (6) where the court's order approving the settlement agreement was entered approximately seventeen months prior to the filing of the Rule 60 motion).[13]

B.   Plaintiffs' Motion for Summary Judgment

In support of Plaintiffs' Motion for Summary Judgment, Plaintiffs attach deposition testimony of Defendant taken in connection with the *Mucci v. Ely* Action wherein Defendant acknowledges that Mr. Ely was to be paid on a contingency fee basis.[14] Defendant's request for

---

[13] Pursuant to Fed.R.App.P. 32.1 and 10th Cir. R. 32.1, the Court is relying on *Hillman v. Webley* not for any precedential effect but for its persuasive value.
[14] *See, e.g.,* Deposition of Thomas J. Budd Mucci, taken June 15, 2011, attached as an Exhibit to Plaintiffs' Motion for Summary Judgment:

-13-

relief from the Stipulated Judgment and the Settlement Agreement based on the Ely Letter fails regardless of whether Defendant has admitted that Mr. Ely had a contingency fee arrangement with Plaintiffs. As discussed above, grounds do not exist to set aside the Stipulated Judgment or the Settlement Agreement based on fraud relating to the nature of the fee agreement under Fed.R.Civ.P. 60(b)(6), (d)(1), or (d)(3) regardless of whether a contingency fee arrangement existed between Plaintiffs and Mr. Ely.

*Collateral Estoppel*

Plaintiffs also assert that Defendant asserted similar or identical arguments in the Second Amended Motion as were raised in the *Mucci v. Ely* Action, and that, because the *Mucci v. Ely* Action was dismissed, Defendant is barred under the doctrine of collateral estoppel from asserting those claims in the Second Amended Motion. When applying collateral estoppel to a judgment entered by a state court, the Court must look to the law of the state in which the judgment was entered.[15] Under New Mexico law, the party asserting collateral estoppel must establish the following elements:

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior

---

A. I mean, Daymon always worked on a contingency fee agreement. - p. 40
A. I think I've previously testified I knew he would be compensated for – he always worked on a contingency . . . - p. 42
A. I believe that Mr. Ely would be paid pursuant to a contingency agreement. – p. 44
Q. At some point in time when Mr. Ely came on, his arrangement with you was that he would be paid one half of a contingency fee with some credit to be given back to the Krietzburgs.
A. U-huh. – p. 47.

[15]*See, Jarrett v. Gramling,* 841 F.2d 354, 356 (10th Cir. 1988)(explaining that under the Full Faith and Credit Act, 28 U.S.C. § 1738 (1982), federal courts are required to "give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered.")(citations omitted); *In re Fordu,* 201 F.3d 693, 703 (6th Cir. 1999)("When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether and to what extent the prior judgment should be given preclusive effect in a federal action.")(citations omitted); *Bugna v. McArthur (In re Bugna),* 33 F.3d 1054, 1057 (9th Cir. 1994)("in determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply the state's law of collateral estoppel.")(citations omitted); *Crum v. Howe (In re Howe),* 2007 WL 1307913, *4 (Bankr.D.N.M. May 2, 2007)(J. McFeeley)("In giving collateral estoppel effect to a state court judgment, the Court must apply the applicable state law standards for collateral estoppel.")(citation omitted).

-14-

adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

*Shovelin v. Central New Mexico Elec. Co-op, Inc.,* 115 N.M. 293, 297, 850 P.2d 996, 1000 (1993)(citing *Silva v. State,* 106 N.M. 472, 474-76, 745 P. 2d 380, 382-84 (1987)).

If all of these elements are present, the Court must also determine "whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation." *Id.* Because Plaintiffs were not parties to the *Mucci v. Ely* Action, they rely on defensive non-mutual collateral estoppel. "A party attempting to use non-mutual defensive collateral estoppel . . . must establish that the issue to be estopped has been actually litigated and necessarily determined, or actually and necessarily decided." *Deflon v. Sawyers,* 139 N.M. 637, 643, 137 P.3d 577, 583 (2006)(citations omitted).

In support of their collateral estoppel argument, Plaintiffs point to the transcript of Defendant's argument and testimony in the *Mucci v. Ely* Action regarding the contingency fee agreement and Defendant's allegations that Mr. Ely acted in collusion with Plaintiffs or otherwise misrepresented the terms of Defendant's fee arrangement with Mr. Ely.[16] Following the commencement of the trial in the *Mucci v. Ely* Action, Defendant agreed to dismiss his claims against Mr. Ely. Dismissal of a cause of action by stipulation is a final judgment on the merits. *See, Brooks v. Barbour Energy Corp.,* 804 F.2d 1144, 1146 (10th Cir. 1986)(stating that a voluntary dismissal upon an order of the court based on a settlement agreement "should be considered a judgment on the merits" and that "a dismissal with prejudice by order of the court is

---

[16]*See* Partial Transcript of Proceedings held August 21, 2012 in *Mucci v. Ely* Action attached as an exhibit to Plaintiffs' Motion for Summary Judgment:
    Mucci:   Because with a little bit of the Court's indulgence, I'm going to the issue of motivation as to why Mr. Ely manufactured evidence against me . . . pp. 8 and 9
    Mucci:   The record will show that in his meetings with Roger Eaton Daymon Ely never informs Eaton that he and Mucci are still the attorneys of record for the Krietzburgs, while the Krietzburgs are considering a lawsuit against Mucci. He never informs Eaton that he has participated in the settlement. p. 9
    Mucci:   Defendant Ely alleges to Roger Eaton that he was paid pursuant to a contingency fee agreement and on or about February 28, 2008, he returns money to Sharon Krietzburg for the specific purpose of supporting his anticipated testimony that he had been paid pursuant to a contingency fee agreement. p. 10

-15-

a judgment on the merits."). However, because the complaint filed in the *Mucci v. Ely* Action is not before the Court, the Court cannot determine whether the issues raised in the Second Amended Motion are identical to the issues actually determined in the *Mucci v. Ely* Action.

Even if the complaint filed in the *Mucci v. Ely* Action were before the Court, the stipulated dismissal of the *Mucci v. Ely* Action cannot establish that the issues raised in the Second Amended Motion were actually litigated and necessarily decided as a result Defendant's voluntary dismissal of the *Mucci v. Ely* Action.[17] There is no indication that the voluntary dismissal of the *Mucci v. Ely* Action included any factual determinations by the state court regarding the actions alleged in the Second Amended Motion. Further, because Plaintiffs were not parties to the *Mucci v. Ely* Action, *res judicata* (which would bar not only the claims that were raised, but also claims that could have been raised) does not apply.[18] Plaintiffs' request for summary judgment based on collateral estoppel, therefore, fails. Defendant is not precluded by the stipulated dismissal of the *Mucci v. Ely* Action from asserting a claim for breach of the Settlement Agreement. However, because Defendant cannot set aside the Stipulated Judgment or the Settlement Agreement pursuant to Fed.R.Civ.P. 60, it is nevertheless appropriate to grant summary judgment in favor of Plaintiffs.

---

[17]*Cf. Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1159 (9th Cir. 2002)(stating that "[a] voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue" for purposes of collateral estoppel.)(citations omitted). *See also, Arizona v. California,* 530 U.S. 392, 414, 120 S.Ct. 2304, 2319, 147 L.Ed.2d 374 (2000)(observing that "'In most circumstances, it is recognized that consent agreements ordinarily are intended to preclude any further litigation on the claim presented but are not intended to preclude further litigation on any of the issues presented. Thus consent judgments ordinarily support claim preclusion but not issue preclusion.'")(quoting 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4443 pp. 384-385 (1981)).

[18]*See Silva v. State,* 106 N.M. at 474, 745 P.2d at 382 (res judicata requires the presence of four elements: "(1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter.")(citations omitted). "Res judicata, or 'claim preclusion,' bars litigation of claims that were or could have been advanced in an earlier proceeding."*Strickland v. City of Albuquerque,* 130 F.3d 1408, 1411 (10th Cir. 1997)(citing *State Ex Rel. Martinez v. Kerr-McGee Corp.,* 120 N.M. 118, 898 P.2d 1256, 1259 (Ct.App. 1995)); *Blea v. Sandoval,* 107 N.M. 554, 557, 761 P.2d 432, 435 (Ct.App. 1988)("res judicata bars consideration, in a subsequent suit, of all matters that could properly have been raised in the prior case, while collateral estoppel bars consideration only of issues actually litigated and determined by a valid and final judgment.")(citations omitted).

### *Alleged Fraud in Connection With a Bankruptcy Auction*

The Second Amended Motion includes allegations of fraud regarding the auction of the *Mucci v. Ely* Action in Defendant's bankruptcy case, but neither Plaintiffs nor Defendant address this issue in the cross-motions for summary judgment. The Court fails to discern a connection between any alleged fraud relating to the auction of the *Mucci v. Ely* Action and any alleged fraud in connection with entry of the Stipulated Judgment. But because neither party addressed this issue, it is not appropriate to grant summary judgment at this time.

### *Breach of the Settlement Agreement*

Defendant's Second Amended Motion includes a claim that Plaintiffs breached the Settlement Agreement by "resisting any and all attempts to secure their trial testimony" in the *Mucci v. Ely* Action, and by producing "incomplete, false, and misleading evidence" in connection with the *Mucci v. Ely* Action. *See* Second Amended Motion, ¶¶ 45 and 46. The Settlement Agreement obligated Plaintiffs to "waive all attorney-client and work product privilege with Mucci and Ely." *See* Exhibit 9 to Second Amended Motion – Docket No. 86. The Second Amended Motion alleges that implicit in this obligation was an obligation on the part of Plaintiffs to assist Defendant in connection with the *Mucci v. Eli* Action. Based on the waiver of privilege provisions in the Settlement Agreement, it does not appear that Defendant's allegations concerning the alleged breach of the Settlement Agreement can establish that Plaintiffs breached the Settlement Agreement. But because Plaintiffs' request for summary judgment fails to directly address Defendant's assertion that they breached the Settlement Agreement, the Court is unable to grant summary judgment on this claim.

### CONCLUSION

Based on the foregoing, the Court will grant, in part, and deny, in part, Plaintiffs' Motion for Summary Judgment, and deny Defendant's Partial Motion for Summary Judgment. Defendant cannot set aside the Stipulated Judgment or the Settlement Agreement based on the Ely Letter or the affidavits of the Plaintiffs whether premised on a fraud upon the Court under Fed.R.Civ.P. (d)(1), or through an independent action under Fed.R.Civ.P. 60(b)(6) and (d)(3). Because neither Plaintiffs nor Defendant addressed the auction of the *Eli v. Mucci* Action in the cross-motions for summary judgment, the Court will deny Plaintiffs' Motion for Summary Judgment with respect to whether any alleged fraud in connection with the auction of the *Eli v. Mucci* claim in Defendant's bankruptcy case can serve as grounds for relief from the Stipulated Judgment or the Settlement Agreement under Fed.R.Civ.P. 60(b)(6), (d)(1), or (d)(3). Plaintiffs' request for summary judgment will be denied with respect to Defendant's claim for breach of the Settlement Agreement. Defendant's request for partial summary judgment will be denied. Plaintiffs' request for an award of costs incurred in connection with the cross-motions for summary judgment will also be denied.

Separate orders consistent with this Memorandum Opinion will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: January 22, 2013

COPY TO:

**Roger Eaton**
Will Ferguson & Associates
Attorney for Plaintiffs
1720 Louisiana Blvd. NE Ste 100
Albuquerque, NM 87110

**Thomas J. Budd Mucci**
504 14th St. NW
Albuquerque, NM 87104-1322